25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CENTRAL CITY LAND COMPANY, Plaintiff-Appellant,
v.
Daniel P. ROBINOWITZ; Hemmeter-Woodmont, Inc., and Does
1-10, parties and/or entities whose true names and
identities are unknown, Defendants-Appellees.
 No. 93-1260.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1994.
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and BROWN,** District Judge.
 
 ORDER AND JUDGMENT[1]
 McKAY
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Central City Land Company (a brokerage firm) entered into an exclusive buyer agency contract with Mr. Mark Reinking which appointed Plaintiff as Mr. Reinking's exclusive broker to acquire certain property from Golden Rose Inn, Inc. The brokerage contract provided that the buyer, Mr. Reinking, would be obligated for the brokerage fee if the transaction failed to close and the failure was the buyer's fault. It also provided that "[n]o assignment of Buyer's rights under this contract and no assignment of rights in property obtained for Buyer under this contract shall operate to defeat any of Broker's rights." The following day Plaintiff and Mr. Reinking entered into a purchase contract to acquire the proposed property. Through no fault of the seller, Mr. Reinking did not acquire the property but rather assigned the purchase contract to Defendant, Mr. Daniel Robinowitz, who further assigned it to Defendant Hemmeter-Woodmont, Inc.
 
 
 4
 The district court found that Defendants were parties to the commercial contract, but they were not parties to nor assignees of the brokerage agreement. The court therefore found that Defendants were not bound by the terms of the brokerage agreement. The court further found that Defendants assumed all the obligations of the commercial contract for purchase of the real estate, but that paying Plaintiff's commission was not an obligation of the commercial contract. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 5
 Plaintiff argues on appeal that Defendants, as a matter of law, assumed the assignor's obligation to pay Plaintiff's commission when they, through assignment, acquired all rights to the commercial contract. The commercial contract, according to Plaintiff, is a benefit of the brokerage agreement and Defendants cannot accept the benefit of the brokerage agreement without also accepting the burden.
 
 
 6
 Texas law governs the assignment of the commercial contract from Mr. Reinking to defendant Robinowitz (Robinowitz assignment) and the subsequent assignment from Mr. Robinowitz to Defendant Hemmeter-Woodmont (H-W assignment). We review the district court's interpretation of state law de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991). Plaintiff has not cited, nor have we discovered, Texas cases which hold as a matter of law that the assignee of a real estate purchase contract must assume the obligations of a separate brokerage agreement.
 
 
 7
 It is undisputed that prior to the Robinowitz assignment, Mr. Reinking owed Plaintiff its commission pursuant to the brokerage agreement because he failed to close the real estate transaction. To determine an assignee's liability for the assignor's debt existing prior to the assignment, we look to whether the assignee "expressly or impliedly assumed the obligation." Lone Star Gas Co. v. Mexia Oil & Gas, Inc., 833 S.W.2d 199, 201 (Tex. Ct.App.1992). As the district court noted, only one provision of the Robinowitz assignment addressed the assumption of Mr. Reinking's debt to Plaintiff under the brokerage agreement. The assignment expressly provided that Mr. Robinowitz would indemnify Mr. Reinking for any loss he suffered under the brokerage agreement only if Mr. Robinowitz actually acquired the Central City real estate. Further, the assignment provided that it would be binding on any assignees of Mr. Robinowitz. The H-W assignment contains no express provisions regarding the assumption of Mr. Reinking's debts to Plaintiff. Neither Mr. Robinowitz nor Hemmeter-Woodmont actually acquired the Central City property. Therefore, absent acquisition of the Central City property, Defendants did not expressly agree to pay Plaintiff's commission.
 
 
 8
 "In interpreting whether an assignee impliedly agreed to assume an assignor's obligations, courts look to the language of the assignment and to the surrounding circumstances. The question of interpretation is ordinarily more a question of fact than of law." Id. at 202-03 (citations omitted). Plaintiff strenuously argued to the district court that the commercial contract was a benefit of the brokerage agreement that was so entwined with the burden to pay the commission that Defendants impliedly assumed the burden. The district court, after receiving two days of testimony, ruled that Defendants did not assume the burden to pay Plaintiff's commission. After reviewing the record and relevant law, we cannot say that the district court's conclusion was clearly erroneous.
 
 
 9
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470